UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD LEE MACIK,<br><br>               Petitioner,<br><br>  v.<br><br>RANDY BLADES,<br><br>               Respondent. | Case No. 1:15-cv-00226-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

This habeas corpus action has been reopened after remand from the Ninth Circuit Court of Appeals. Currently pending before the Court is Petitioner Ronald Lee Macik's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that Petitioner's claims are barred by the one-year statute of limitations and are procedurally defaulted. (Dkt. 29.) The Motion is now ripe for adjudication. Several other motions are also pending. (Dkt. 28, 33, 34, 38, & 40.)

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 27.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs

**MEMORANDUM DECISION AND ORDER - 1**

and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

The facts of the case underlying Petitioner's conviction are set forth clearly and accurately in *State v. Powers*, 537 P.2d 1369 (Idaho 1975), the decision on appeal from the conviction of one of Petitioner's co-defendants. (*See also* State's Lodging F-11 at 2 (quoting the *Powers* decision).) The facts will not be repeated here except as necessary to explain the Court's decision.

In 1972, Petitioner pleaded guilty to first-degree murder and was sentenced to life in prison without the possibility of parole. (State's Lodging A-1 at 10-12.) There is no record of a direct appeal.[1]

In 1994, Petitioner filed his first federal petition for writ of habeas corpus. *See Macik v. Brennan*, Case No. 1:94-cv-00503-BLW. That petition was dismissed, and Petitioner did not appeal.

Petitioner filed a second federal habeas petition in 2008, which was dismissed for lack of jurisdiction. *See Macik v. Hardison*, Case No. 1:08-cv-00360-EJL. Petitioner did not appeal. Over four-and-a-half years later, Petitioner filed a motion to reopen, which was denied. Again, Petitioner did not appeal.

---

[1] The Idaho Court of Appeals later found that either (1) Petitioner did not appeal, or (2) any such appeal was dismissed. (State's Lodging B-4 at 1.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner did not take any action in state court to challenge his conviction until nearly forty years after his conviction. On March 14, 2011, Petitioner sent a letter to the state trial court, which construed the letter as a motion to withdraw Petitioner's guilty plea. (State's Lodging A-1 at 13-18.) The state district court denied the motion for lack of jurisdiction, because the motion was filed long after the judgment of conviction became final. (*Id*. at 31-32.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-4, B-6.)

Petitioner filed his first petition for state post-conviction relief in July 2012. (State's Lodging C-1 at 3-9.) The state district court dismissed the petition as untimely pursuant to Idaho Code § 19-4902. (*Id*. at 29-32.) The Idaho Court of Appeals reversed and remanded because the trial court had not provided Petitioner with the required twenty-day period before dismissing the petition. (State's Lodging D-4.) Following the remand, the trial court again dismissed the petition because it was untimely. (State's Lodging G-1 at 41-51, 77-88.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging H-3, H-6.)

By this point, Petitioner had litigated a second petition for post-conviction relief.[2] The state district court dismissed the petition pursuant to Idaho's successive petitions bar, found in Idaho Code § 19-4908, because Petitioner had not shown a sufficient reason

---

[2] Petitioner instigated the successive post-conviction action by filing a "Verified Motion to Reopen Case Based on Newly Discovered Evidence. (State's Lodging E-1 at 5-11.) After Petitioner was appointed counsel, his attorney "suggested that [Petitioner's] claims would be more appropriately considered in a post-conviction petition" and then filed the second post-conviction petition. (State's Lodging G-1 at 43; *see also* State's Lodging E-1 at 3.)

**MEMORANDUM DECISION AND ORDER - 3**

why the claims could not have been included in the first post-conviction petition. (State's Lodging E-1 at 251-56.)

Petitioner filed the instant Petition for Writ of Habeas Corpus, at the earliest, on June 17, 2015.[3] The Court has construed the Petition as asserting the following claims:

| | | |
|---|---|---|
| Claim 1(a): | | Petitioner was deprived of his right to be free from compelled self-incrimination. |
| Claim 1(b): | | Petitioner's guilty plea was involuntary. |
| Claim 1(c): | | The prosecutor withheld exculpatory evidence. |
| Claim 2: | | Petitioner was deprived of his Sixth Amendment right to the effective assistance of trial counsel. |
| Claim 3(b): | | There was insufficient evidence to support the conviction. |
| Claim 3(b): | | Petitioner is actually innocent. |
| Claim 4: | | Petitioner was deprived of his right to due process and equal protection because he was denied access to documents in his criminal case. |

(Dkt. 3, 25.)[4]

Petitioner was allowed to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3)

---

[3] *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that, if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

[4] Petitioner has not objected to the Court's construction of his claims.

**MEMORANDUM DECISION AND ORDER - 4**

were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 25 at 2-3.)

## DISCUSSION

1. **Motions Filed by Petitioner**

   The Court will first address the several motions filed by Petitioner.

   A. *Petitioner's Motions Requesting Records*

   In Petitioner's Motion Requesting Records, Petitioner has filed two motions that request copies of the following state court records:

   1. State Preliminary Hearing Transcript, Docket No. 5L-2742 (11/23/71)

   2. State Exhibits List (1 through 10)

   3. Plea Entered by Attorney (March 9, 1972)

   4. Mental Evaluation Report of (June 5, 1972)

   5. Plea Change Hearing (Aug. 31, 1972)

   6. Polygraph Exzamination [sic] Results Report (1972)

   7. Document of United States Attorney General's Authorization to Extradite and accept Petitioner in Federal Jurisdiction (Twice) Idaho to U.S. Prison at Lewisburg Penn (Dec. 1st Through 3rd 1972) and from U.S. Prison at Terre Haute Indiana to Vacaville California (1980-81)

   8. A Complete History of Petitioner's Custody Care Treatment and behavior while in Idaho or on Transfer to Lewisburg Federal Prison and Vacaville California (1977-78).

**MEMORANDUM DECISION AND ORDER - 5**

(Dkt. 28 at 1.) Petitioner also requests "records documented in the 11/21/13 ROA report in Case CR-FE-1971-0004949 before Judge Cheri C. Copsey (2011 Through 2013)." (*Id.* at 2.)

In Petitioner's second motion requesting copies of records, entitled "Motion Request Court Order Compelling Ada County Clerk of Court to Produce the Requested Records," Petitioner renews his request for copies of the first seven documents listed above. (Dkt. 33.)

Petitioner has not explained how any of the documents listed in his motions relate in any manner to whether his claims are barred by the statute of limitations or are procedurally defaulted. Rather, these documents appear to be relevant—if at all—only with respect to the merits of Petitioner's claims. Because Respondent has filed a Motion for Summary Dismissal, the merits of the claims are irrelevant at this point in the proceedings. Therefore, Petitioner's motions for copies of certain identified records will be denied.

### B. *Petitioner's Motion to Reopen Case and Motion for Summary Judgment*

Petitioner asks that the Court reopen his underlying criminal case and requests an evidentiary hearing. (Dkt. 34). Petitioner also moves for summary judgment. (Dkt. 38.) As an initial matter, an evidentiary hearing is unnecessary for the Court to determine whether the Petition is subject to summary dismissal. Further, in these two motions, Petitioner argues the merits of his claims. As explained above, the Court's determination of whether the claims in the Petition are subject to summary dismissal does not involve

consideration of the merits of those claims. For these reasons, Petitioner's Motion to Reopen Case and Motion for Summary Judgment will be denied.

### C. Petitioner's Motion to Change Venue

Finally, Petitioner asks that the Court transfer this case to another district. However, in support of his Motion he offers nothing more than bare, conclusory assertions of judicial bias. Therefore, the Court will deny this Motion.

## 2. Respondent's Motion for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations and are procedurally defaulted. Because Petitioner (1) is not entitled to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.[5]

### A. Standards of Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration

---

[5] The Court need not address Respondent's procedural default argument.

**MEMORANDUM DECISION AND ORDER - 7**

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, Because Petitioner's conviction became final before AEDPA's enactment, Petitioner "had a one-year grace period in which to file [his] petition[]." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). That is, any federal petition filed after the enactment of AEDPA must have been filed on or before April 24, 1997. *Id*. at 1246.

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). That is,

AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Additionally, any post-conviction petition or other collateral proceeding that is untimely under state law is not considered "properly filed" and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing

actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

### B. *The Petition Is Barred by the Statute of Limitations*

Absent tolling, the statute of limitations period expired on April 24, 1997, and the Petition—filed on July 17, 2015—is untimely. *See Patterson*, 251 F.3d at 1245-46. Therefore, the claims in the Petition are barred by AEDPA's one-year statute of limitations unless Petitioner establishes that he is entitled to sufficient statutory or equitable tolling or that he is actually innocent.

#### i. Statutory Tolling

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

However, Petitioner did not institute any state collateral proceeding until decades after the statute of limitation had already expired. None of Petitioner's state post-conviction actions can resurrect the expired limitations period under AEDPA, and Petitioner is therefore not entitled to statutory tolling. *See Ferguson*, 321 F.3d at 822.

#### ii. Equitable Tolling

As noted previously, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a

**MEMORANDUM DECISION AND ORDER - 10**

timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his post-conviction claims in state court, and then waited "five more months after his [post-conviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Nothing in Petitioner's submissions suggests that he was unable to file the instant Petition on time because of any external circumstances. Indeed, Petitioner instituted two previous federal petitions—one before AEDPA's enactment, and one after. Petitioner has not established any reason why he could not have filed the instant petition before April 1997, or at any time between the dismissal of his second federal petition and the filing of the instant Petition.

Petitioner has simply not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition or that he pursued his rights diligently. Thus, Petitioner is not entitled to equitable tolling of the statute of limitations.

### iii. Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing

Petitioner claims he is actually innocent. To take advantage of the actual innocence gateway exception to the statute of limitations, a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Stated another way, a petitioner must show it is more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely stringent standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not presented any credible evidence that he did not commit the murder to which he pleaded guilty. Because Petitioner comes nowhere near to meeting the extremely stringent standard for actual innocence gateway claims, the Court need not

**MEMORANDUM DECISION AND ORDER - 12**

address Respondent's argument that Petitioner's guilty plea prohibits him from raising an actual innocence argument. (*See* Dkt. 35 at 3-5.)

## CONCLUSION

Petitioner's claims are barred by AEDPA's one-year statute of limitation. Petitioner is not entitled to statutory or equitable tolling, nor has he shown that he is actually innocent. Therefore, the Petition must be dismissed with prejudice as untimely.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion Requesting Records (Dkt. 28) is DENIED.

2. Petitioner's Motion Request Court Order Compelling Ada County Clerk of Court to Produce the Requested Records (Dkt. 33) is DENIED.

3. Petitioner's Motion to Reopen Case Based on Newly Discovered Evidence and Request for Evidentiary Hearing (Dkt. 34) is DENIED.

4. Petitioner's Motion Requesting Summary Judgment (Dkt. 38) is DENIED.

5. Petitioner's Motion Requesting Change of Venue Outside of the District of Idaho (Dkt. 40) is DENIED.

6. Respondent's Motion for Summary Dismissal (Dkt. 29) is GRANTED, and the Petition is DISMISSED with prejudice.

7. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 11, 2017

/s/ Edward J. Lodge
Edward J. Lodge
United States District Judge